IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-31065
Summary Calendar
_____

DOUGLAS G. WOODS,

Plaintiff-Appellee,

versus

KANSAS CITY SOUTHERN RAILWAY
CO.,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Louisiana
USDC No. 97-CV-672
_____

September 1, 2000

Before JOLLY, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury awarded Douglas G. Woods $455,000 on his Federal
Employers' Liability Act suit against his employer, Kansas City
Southern Railway Co. ("KCS"). KCS appeals the district court's
denial of a motion for judgment as a matter of law or, in the
alternative, for a new trial.

KCS argues that the district court erred in admitting ten
photographs depicting a right-of-way other than the one where

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Woods's on-the-job accident occurred.  KCS principally argues that the photographs should not have been admitted because they were not properly authenticated pursuant to Fed. R. Evid. 901.  Because KCS made no Rule 901 objection in the district court, review is for plain error only.  See Russell v. Plano Bank & Trust, 130 F.3d 715, 721 (5th Cir. 1997) (defining plain-error standard).  We find no plain error under Rule 901.  See United States v. Jimenez Lopez, 873 F.2d 769, 772 (5th Cir. 1989).  KCS renews its arguments that the admission of the photographs was improper because they were irrelevant and unduly prejudicial.  Having reviewed the record, we hold that the district court did not abuse its discretion in rejecting these arguments.  See United States v. Opager, 589 F.2d 799, 803 (5th Cir. 1979) (Rule 401); United States v. Richards, 204 F.3d 177, 196 (5th Cir. 2000) (Rule 403), petition for cert. filed, 68 U.S.L.W. 3002 (U.S. June 20, 2000) (No. 99-2049).

KCS argues that after the district court granted its motion in limine and forbade Woods from making any claims relating to the Federal Safety Appliance Act, it improperly allowed the jury to hear evidence about a bent ladder rung.  Because KCS has provided us with no citations to the record or to case law in regard to this issue, it is considered abandoned.  See American States Ins. Co. v. Bailey, 133 F.3d 363, 372 (5th Cir. 1998) ("[f]ailure to provide any legal or factual analysis results in waiver").  Regardless, we

note that KCS did not object to the testimony about the bent rung, and we see no plain error in allowing the testimony.  See Russell, 130 F.3d at 721.

KCS argues that the district court erred by permitting Woods to pursue his claim that the railroad violated 49 C.F.R. § 213.103(c); it contends that the track in question was "excepted" from that regulation by virtue of § 213.4.  Having reviewed the record, we conclude that § 213.4, if applicable, stated an affirmative defense to Woods's claim.  Because KCS did not raise this defense before trial and because the issue was not tried by consent, it could not be argued by KCS for the first time in its posttrial motion.  See Allied Bank-West, N.A. v. Stein, 996 F.2d 111, 115 (5th Cir. 1993).  We also reject the contention that the district court committed plain error when, on the basis of a stray remark by a single witness, it failed to itself raise the possibility of a § 213.4 defense.  See Glass Containers Corp. v. Miller Brewing Co., 643 F.2d 308, 312 (5th Cir. Unit A Apr. 1981).

Finally, KCS argues that the district court erred in failing to give its Proposed Jury Instruction No. 10.  Because KCS did not object after the jury charge to the district court's failure to give this particular instruction, it has arguably waived the issue. Cf. Crist v. Dickson Welding, Inc., 957 F.2d 1281, 1286 (5th Cir. 1992).  Assuming that the issue was not waived, we agree with the

district court that the jury charge as a whole properly guided the jury in its deliberations.  See Russell, 130 F.3d at 719.

A F F I R M E D.